UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN C. DEJEAN                                          CIVIL ACTION NO.

VERSUS

                                                        20-623-SDD-EWD

MARS WRIGLEY CONFECTIONERY,
ET AL.

**NOTICE AND ORDER**

       This is a civil action involving claims for damages allegedly sustained by Brian C. DeJean ("Plaintiff") as a result of "consuming Mars' M&Ms" on January 12, 2019.[1] On January 9, 2020, Plaintiff filed his Petition for Damages ("Petition") against the manufacturer of M&Ms, Mars Wrigley Confectionery ("Mars"), and it insurer, Liberty Mutual Group, Inc. ("Liberty Mutual") (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] Defendants removed the case to this Court on September 18, 2020, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[3]

       Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. As explained below, the Notice of Removal is deficient both as to citizenship allegations and as to amount in controversy.

*Citizenship of Plaintiff*

       The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient." While

---

[1] *See, generally*, R. Doc. 1-1.
[2] R. Doc. 1-1, ¶¶ 2-3.
[3] R. Doc. 1.

citizenship has been adequately alleged as to Mars and Liberty Mutual,[4] it is not clear that the parties are diverse because citizenship has not been adequately alleged as to Plaintiff.

In their Notice of Removal, Defendants, relying on the allegations in the Petition, state, "Plaintiff, Brian DeJean is a resident of the State of Louisiana."[5] Likewise, Plaintiff alleges in his Petition that he "is a Louisiana resident of the full age of majority, who resides in Baton Rouge, Parish of East Baton Rouge, State of Louisiana."[6] Allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[7] Accordingly, to properly plead Plaintiff's citizenship, Defendants must affirmatively plead Plaintiff's domicile.

*Amount in Controversy*

It is also not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[8] The Petition alleges that Plaintiff was injured when he "consum[ed] Mars' M&Ms."[9] Plaintiff claims he sustained the following damages after consuming M&Ms: "one or more dental fracture(s); repair, extraction and/or permanent replacement of one or more dental fracture(s); severe pain; the inability to eat and/or drink normally; severe headaches; special damages; future dental and/or medical expenses; mental anguish; and/or any/all additional damages to be demonstrated at trial."[10] Plaintiff further claims

---

[4] R. Doc. 1, ¶ 8 (Mars "is and was, at the time the state action was commenced, a Delaware corporation with its principal place of business in New Jersey. Mars is thus a citizen of the State of Delaware and New Jersey for purposes of determining diversity.") and ¶ 9 (Liberty Mutual "is and was, at the time the state action was commenced, a Massachusetts corporation with its principal place of business in Massachusetts. Liberty Mutual is thus a citizen of Massachusetts for purposes of determining diversity."). Under 28 U.S.C. § 1332(c)(1), Defendants have sufficiently alleged the citizenships of Mars and Liberty Mutual.
[5] R. Doc. 1, ¶ 7.
[6] R. Doc. 1-1, ¶ 1.
[7] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[8] *See* 28 U.S.C. § 1332(a).
[9] R. Doc. 1-1, ¶ 4.
[10] *Id*.

he "continues suffering from the injuries sustained."[11] In its Notice of Removal, Defendants claim the amount in controversy "exceeds $75,000, exclusive of interest and costs," based on (1) the foregoing injuries and damages allegations, (2) Plaintiff's failure to include an La. C.C.P. art. 893 allegation in his Petition,[12] and (3) Plaintiff's failure to respond to Defendants' Request for Admission asking Plaintiff "to admit that the damages claimed are in excess of $75,000," which results in the request being "deemed admitted by operation of law."[13]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations of injuries and demands for general categories of damages (*e.g.*, one or more dental fracture(s); repair, extraction and/or permanent replacement of said fracture(s); severe pain and headaches; inability to eat and/or drink normally; mental anguish; future dental and/or medical expenses; etc.)[14] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, In*c., and cases cited therein.[15]

In this case, there is no detailed description of any of the actual injuries suffered by Plaintiff beyond "one or more dental facture(s)," the nature of Plaintiff's dental and/or medical treatment, the actual amount of dental and/or medical expenses Plaintiff has incurred thus far, or Plaintiff's

---

[11] *Id*.
[12] R. Doc. 1, ¶¶ 8-11.
[13] *Id*. at ¶ 6, 10-13.
[14] R. Doc. 1-1, ¶ 4.
[15] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).

3

prognosis and recommended future treatment. Defendants have not offered any specific dental and/or medical information regarding Plaintiff's injuries, treatment, prognoses, and expenses in support of the amount in controversy. There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

Further, while a party's failure to timely respond to a request for admission results in the statement being deemed admitted under Louisiana law,[16] such "admissions" "are only one factor a court may consider when determining whether the amount in controversy is sufficient to support federal jurisdiction."[17] "Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent."[18] In *Jones v. AAA Club Family Ins. Co*., the Eastern District of Louisiana, faced with the argument that the amount in controversy requirement was met by "plaintiff's failure to answer a request for admission in state court directed to the existence of the jurisdictional minimum," explained that plaintiff's "failure to answer cannot support this Court's subject matter jurisdiction alone because it represents another form of the parties' consent to jurisdiction, which is not allowed."[19] Here, Plaintiff's failure to respond to Defendants' request for admission about

---

[16] La. Code Civ. P. art. 1467.
[17] *Franklin v. Tom Hassel Transport, Inc.*, No. 19-2228, 2019 WL 2755093, at *3 (E.D. La. July 2, 2019) (remanding the case to state court after determining it lacks subject matter jurisdiction due to defendant's "failure[e] to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000" because defendant's reliance on "[p]laintiff's untimely response to a request for admission and [p]laintiff's refusal to stipulate [were] insufficient to overcome th[e] dearth of evidence" regarding the value of plaintiff's claims). In *Franklin*, the defendant, relying on *Gayden v. Winn-Dixie Montgomery, Inc.*, No. 13-6232, 2014 WL 433503, at *4 (E.D. La. Feb. 4, 2014) (holding that that a deemed admitted request for admission "qualifies as 'other paper' by the terms of 18 U.S.C. § 1446(c)(3)(A) and triggered the 30-day removal clock"), argued that plaintiff's belated denial of a "request for admission that the amount in controversy is above $75,000" was sufficient to establish the amount in controversy requirement. 2019 WL 2755093, at *3. The *Franklin* Court disagreed, distinguishing *Gayden* as follows: "The issue in *Gayden*, however, was not whether the amount in controversy had been met, but whether the removal was timely." *Id.* For the same reason explained in *Franklin*, *Gayden* is of little utility in determining whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs, in this case.
[18] *Franklin*, 2019 WL 2755093, at * 3, citing *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citation omitted).
[19] No. 07-6988, 2007 WL 4365443 (E.D. La. Dec. 10, 2007).

the value of his claims is insufficient to carry Defendants' burden of establishing the amount in controversy by a preponderance of the evidence.

Likewise, while Plaintiff's failure to include a La. C.C.P. art. 893 statement may be considered,[20] it is not determinative of whether the amount in controversy is met.[21] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[22]

Accordingly,

**IT IS ORDERED** that **by no later than October 15, 2020**, Defendants shall file a comprehensive Amended Notice of Removal, that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Plaintiff, as described in this Notice and Order.

**IT IS FURTHER ORDERED** that **by no later than October 15, 2020**, Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy

---

[20] *See, e.g., Demoulin v. Labor Smart, Inc.,* No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation approved,* No. 17-115, 2017 WL 2468796 (M.D. La. June 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *4October 5, 2020 (M.D. La. Apr. 10, 2014); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("'[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.'"). Accordingly, while Plaintiff's failure to follow Article 893(a)(1)'s mandate is entitled to some weight, that failure is not determinative of whether the amount in controversy is satisfied.

[21] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."), *and, e.g.*, *Weber,* 2007 WL 4441261, *4 (omission of an La. C.C.P. art. 893 statement is entitled to some consideration, but it is not, in and of itself, determinative of the amount in controversy.)

[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDRED** that **by no later than October 26, 2020**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 5, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**